UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL R. HENSON, | ) |
| | ) No. CV-06-0181-AAM |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT; |
| | ) REMANDING CASE TO |
| MICHAEL J. ASTRUE, [1] | ) COMMISSIONER FOR THE AWARD OF |
| Commissioner of Social | ) BENEFITS |
| Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are Plaintiff's Motion for Summary Judgment (Ct. Rec. 9) and Defendant's Motion for Remand (Ct. Rec. 15). Attorney Robert A. Friedman represents Plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security ("Commissioner"). The court has taken these matters under submission without oral argument. After reviewing the administrative record and the briefs filed by the parties, the court DENIES Defendant's Motion for Remand (Ct. Rec. 15) and GRANTS Plaintiff's Motion for Summary Judgment (Ct. Rec. 9).

---

[1] As of February 12, 2007, Michael Astrue succeeded Acting Commissioner Linda S. McMahon as Commissioner of Social Security. Pursuant to FED. R. CIV. P. 25(d)(1), Commissioner Michael J. Astrue should be substituted as Defendant, and this lawsuit proceeds without further action by the parties. 42 U.S.C. 405 (g).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT; REMAINING CASE - Page 1

**JURISDICTION**

On August 22, 2003, the Plaintiff filed an application for disability insurance benefits (DIB). (Tr. 17, 66-68). He alleged disability commencing on December 3, 2001 due to pain and restricted movement associated with lumbar spondylosis/arthritis and cornorary artery disease. (Tr 103). After his applications were denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before ALJ Edward Nichols on April 25, 2005 (Tr. 298-336), at which Plaintiff appeared with counsel and testified on his own behalf. Also offering testimony at the hearing was vocational expert, Judith Parker. On June 25, 2005, the ALJ found Plaintiff was not disabled at step five of the sequential evaluation. When the appeals council denied review on April 19, 2006 (Tr. 5), the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action seeking judicial review of the Commissioner's denial of his applications for DIB pursuant to 42 U.S.C. § 405(g) on June 16, 2006. (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both the Plaintiff and the Commissioner and will only be summarized here.

Plaintiff was 52 years old on the date of the ALJ's decision. He has a high school education and attended two years of college. (Tr. 109, 326). From 1971-1973, Plaintiff served in the U.S. Navy. He served on the U.S.S. Gridley where he was exposed to the sound of the ship's guns. (Tr. 77). In April 2003, the Department of

Veterans Affairs (VA) determined that Plaintiff had nine medical conditions entitling him to disability benefits, effective December 2002. The VA later determined that effective January 2003, Plaintiff's combined ratings warranted 100-percent disability based on individual unemployability. (Tr. 92-93). He has past relevant work as a maintenance mechanic, a construction contractor, and salesman at a lumber yard and home-improvement business. (Tr. 94-104). The medical evidence is addressed below in conjunction with the court's analysis.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is

engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Bowen v. Yuckert, 482 U.S. 137 (1987).

/ / /

1 　　　　The initial burden of proof rests upon Plaintiff to establish
2 a prima facie case of entitlement to disability benefits. Rhinehart
3 v. Finch, 438 F.2d 920, 921 (9th Cir. 1971); Meanel v. Apfel, 172
4 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once
5 Plaintiff establishes that a physical or mental impairment prevents
6 the performance of previous work.  The burden then shifts, at step
7 five, to the Commissioner to show that (1) Plaintiff can perform
8 other substantial gainful activity and (2) a "significant number of
9 jobs exist in the national economy" which Plaintiff can perform.
10 Kail v. Heckler, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

12 　　　　Congress has provided a limited scope of judicial review of a
13 Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold
14 the Commissioner's decision, made through an ALJ, when the
15 determination is not based on legal error and is supported by
16 substantial evidence.  See Jones v. Heckler, 760 F.2d 993, 995 (9th
17 Cir. 1985); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).
18 "The [Commissioner's] determination that a plaintiff is not disabled
19 will be upheld if the findings of fact are supported by substantial
20 evidence."  Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)
21 (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a
22 mere scintilla, Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10
23 (9th Cir. 1975), but less than a preponderance.  McAllister v.
24 Sullivan, 888 F.2d 599, 601-602 (9th Cir. 1989); Desrosiers v.
25 Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir.
26 1988).  Substantial evidence "means such evidence as a reasonable
27 mind might accept as adequate to support a conclusion." Richardson
28 v. Perales, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch

inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989) (quoting Kornock v. Harris, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  Richardson, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  Tackett, 180 F.3d at 1097;  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  Sprague v. Bowen, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since his alleged date of disability. (Tr. 24).  At step two, the ALJ found that the medical evidence established the Plaintiff suffered from the "severe" impairments of spondyloarthropathy, coronary artery disease status post stenting, reduced hearing, degenerative changes in his hands, and a personality disorder.  (Tr. 24). The ALJ then concluded that

Plaintiff did not and does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments. (Tr. 24). The ALJ concluded that Plaintiff has the RFC to perform a "significant range" of work at the light exertion[2] level with the following restrictions: He has mild limitations in grip and manipulation, he can lift 20 lbs ocassionally and 10 lbs frequently, he should have minor contact with coworkers, and avoid noisy environments. (Tr. 24). At step four of the sequential evaluation process, the ALJ found that with this RFC, the Plaintiff is unable to perform any of his past relevant work. The ALJ concluded that Plaintiff retained the capacity to perform a significant number of jobs in the national economy (including the jobs of "baker worker", "cashier II", and "parking lot attendant"), and therefore, was "not disabled" within the meaning of the Social Security Act. (Tr. 25).

**DISCUSSION**

**A. Errors**

The Commissioner concedes that the ALJ's decision is not supported by substantial evidence and that the ALJ made errors of law in his disability determination. Ct. Rec. 16 [Defendant's Memo.] at 2. Thus, the Commissioner moves the court to remand this matter for further administrative proceedings. Plaintiff contends that the administrative record establishes his disability and,

/ / /

---

[2] Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting or carrying of items weighing up to 10 pounds. If someone can perform light work, he also can perform sedentary work. See 20 C.F.R. §§ 404.1567(b), 416.967(b) (2004).

therefore, the matter should be remanded for an immediate award of benefits.

The parties agree the ALJ made the following errors:

1. The ALJ failed to properly analyze the Plaintiff's mental impairments. Substantial evidence does not support the ALJ's conclusion the Plaintiff did not have an affective disorder. (Tr. 21). Frank Rosenkrans, Ph.D. evaluated and diagnosed Plaintiff with Personality Traits or Coping Style Affecting Medical condition and a Dysthymic disorder. (Tr. 141). A reviewing state agency psychologist concurred with this diagnosis and assessed Plaintiff would be moderately limited in his ability to maintain attention and concentration for extended periods, complete a normal work-day and week without interruptions from psychologically based symptoms, to perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, and get along with co-workers without distracting. (Tr. 153, 155-56). They assessed he would be *markedly* limited in his ability to interact with the public. (Tr. 158). Moreover, the record evidence establishes that Plaintiff suffered from and was treated for depression. Ct. Rec. 10 [Plaintiff's Memo.] at 14-15 (citing transcript).

2. The ALJ's evaluation of Plaintiff's grip and fine manipulation limitations was not supported by substantial evidence. Specifically, the ALJ failed to appropriately address the limitations assessed by state agency physicians Norman Staley, M.D. or Morris Fuller, M.D. who both opined the Plaintiff could only use his fingers occasionally (Tr. 168, 249). This conclusion was consistent with Plaintiff's reports to the VA that he had problems

with his hands. (Tr. 193, 203, 207). Thus, the ALJ's hypothetical question was inaccurate and imprecise when he asked the expert assume someone with "minor problems with grip and manipulation. It can be done, just probably not for extended periods of time or constantly." (Tr. 327).

3. The ALJ's hypothetical question to the vocational expert was incomplete as it did not include all of Plaintiff's limitations. *See* 20 CFR 404.1545 (requiring the RFC assessment to encompass the limiting effects of all medically determinable impairments). For example, the ALJ omitted from the hypothetical his own finding that the Plaintiff should avoid overly noisy environments. As indicated by the Plaintiff, the specific jobs identified by the ALJ at step five expose a worker to moderate or loud noise.

Plaintiff also contends the ALJ erroneously evaluated Plaintiff's marijuana use. The Commissioner did not respond to this argument. In finding the Plaintiff not entirely credible, the ALJ noted that Plaintiff's use of marijuana "tends to detract from any level of motivation he might have...." (Tr. 22). However, because credibility findings are accorded substantial deference and the Plaintiff does not challenge the ALJ's credibility finding here, the court need not address this argument.

Finally, the parties agree the ALJ failed to properly consider the VA disability ratings under *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Although a VA disability rating does not necessarily compel the Social Security Administration to reach the same result, such rating must be given "great weight." *Id.* The ALJ may only "give less weight to a VA disability rating if he gives
/ / /

persuasive, specific, valid reasons for doing so that are supported by the record." *Id*.

In April 2003, the VA determined that effective December 2002, Plaintiff had nine service-related conditions[3] each warranting a disability rating. Subsequently, the VA determined that Plaintiff was entitled to 100 percent compensation based on individual unemployability. (Tr. 92-93).

The Commissioner believes the ALJ's evaluation of the VA disability rating was improper because "it is not clear what weight he gave the rating." Ct. Rec. 16 [Defendant's Memo.] at 10. However, it is clear from the ALJ's decision that he did not accord the VA's determination "great weight," as ordinarily required under *McCartey*. The ALJ felt the VA findings were not entitled to such weight because the rating was based on a finding of "inflammatory arthritis." (Tr. 22). The ALJ did not believe the Plaintiff had inflammatory arthritis, but rather another kind of arthritis such as forme fruste spondyloarthropathy. (Tr. 22). Moreover, the ALJ did not believe the record showed any "inflammatory" changes in his conditions. (Tr. 22).

The ALJ's conclusions are not "persuasive" or "valid" reasons for minimizing the importance of the VA disability determination. *McCartey*, 298 F.3d at 1076 (9th Cir. 2002). First, the court notes that the underlying medical evidence is just as material to the VA inquiry as it is to the ALJ here. *See Greger v. Barnhart*, 464 F.3d 968, 976 (9th Cir. 2006)(explaining how the VA undertakes a very

---

[3] The conditions were: inflammatory arthritis, with spondylosis, with degenerative changes in the cervical and lumbar spine, and inflammatory arthritis of the right and left hips, bilateral hands, knees, and ankles. (Tr. 84-89).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT; REMAINING CASE - Page 10

thorough review of a claimant's medical history before rating that claimant as disabled). The medical evidence from the VA (and before the VA disability adjudicator in 2003) reveals that the term "inflammatory arthritis" was not the medical term used to describe the Plaintiff's diagnosed conditions. Rather, these records (Tr. 175-246) refer to spondylosis, spondylitis, and forme fruste spondyloarthropathy. "Inflammatory arthritis" appears to have been the term previously utilized by the *Plaintiff* to describe his condition in his request for VA disability benefits. (Tr. 175). Although the ALJ found the Plaintiff suffered from spondyloarthropathy (Tr. 24), the ALJ gave no justification for concluding that this condition (or its effects) was different from the "inflammatory arthritis" referenced in the VA decision. The term spondyloarthropathy refers to a family of closely-related inflammatory diseases, including various types of arthritis. Lawrence H. Brent, M.D., *Ankylosing Spondylitis and Undifferentiated Spondyloarthropathy,* Dec. 2006, http://www.emedicine.com/med/topic2700.htm (last visited Feb. 8, 2007). The ALJ erred by not complying with the standards set forth in *McCartey.*

**B. Remedy**

The reviewing court's decision whether to remand for administrative proceedings or for an immediate award of benefits is discretionary. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *see also Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). The decision is governed by the general rule that remand for further proceedings is

appropriate "if enhancement of the record would be useful." *Harmon*, 211 at 1178. In *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996), the court held that improperly rejected evidence should be credited and an immediate award of benefits made when: 1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; 2) there are no outstanding issues that must be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

There is no dispute the ALJ's determination that the Plaintiff has the capacity to perform substantial gainful work in the economy is not supported by substantial evidence. After considering the ALJ's material errors, and upon crediting the improperly evaluated evidence and giving great weight to the VA's 100% disability rating, the court finds it is clear from the record a rehearing would simply delay the receipt of benefits. Accordingly, the court exercises its discretionary authority to remand for an immediate award of benefits.

### CONCLUSION

**IT IS HEREBY ORDERED:**

Plaintiff's Motion for Summary Judgment (Ct. Rec. 9) is **GRANTED** and Defendant's Motion for Remand (Ct. Rec. 15) is **DENIED**. The court reverses the ALJ's final determination and **REMANDS** this case to the Commissioner for determination and payment of benefits. The

/ / /
/ / /
/ / /
/ / /

District Court Executive is directed to enter this Order and an Order of Judgment in favor of Plaintiff, forward copies to counsel, and **CLOSE** this file.

**DATED** this 22nd day of February, 2007.

                            s/ Lonny R. Suko for and on behalf of
                                       ALAN A. McDONALD
                          SENIOR UNITED STATES DISTRICT JUDGE